UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUIS MEDEROS ORTEGA,

        Petitioner,

    v.                          Case No.:  2:26-cv-01875-SPC-KRH

WARDEN, GLADES COUNTY
DETENTION CENTER *et al*,

        Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Luis Mederos Ortega's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 3).

Mederos Ortega is a native of Cuba who entered the United States in 1994 and became a lawful permanent resident.  From 1999 to 2001, he was convicted of aggravated assault, theft, and domestic battery.  On April 29, 2025, the Department of Homeland Security commenced removal proceedings by issuing a notice to appear, charging Mederos Ortega as inadmissible due to his convictions.  An immigration judge ordered Mederos Ortega removed on March 16, 2026, and Mederos Ortega did not appeal.  The record does not reflect whether Mederos Ortega waived appeal, so it is not clear when the removal order became final—March 16, 2026, if he waived appeal, or April 16, 2026, if he did not.

The government incorrectly argues Mederos Ortega is detained under 8 U.S.C. § 1226(a).  "Section 1226 applies before an alien proceeds through the removal proceedings and obtains a decision; § 1231 applies after." *Johnson v. Guzman Chavez*, 594 U.S. 523, 544 (2021).  "Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)).  The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  *Id.*  Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. 678, 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701.  So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days.  *Id.*  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Here, the 6-month period commenced when the removal order became administratively final on either March 16, 2026, or April 16, 2026. Either way, Mederos Ortega's detention is presumptively reasonable.

Accordingly, it is hereby

**ORDERED:**

Luis Mederos Ortega's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on June 23, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record